## HAYDEN *vs.* The inhabitants of MADISON.

One contracted to build a road for the inhabitants of a town, for a certain sum ; one half of which was to be paid when the work should be completed, and the other half in a year after. He made the largest portion of the road ; having underlet a portion of it, which was not completed ; and the town made the first payment, with knowledge of the facts, and without objection. Afterwards, and before the whole was finished, he sued for the stipulated price, counting upon the special contract, and on a *quantum meruit*.

Hereupon it was held—that the payment of the first instalment by the town, was a waiver of the terms of the special contract, and entitled the plaintiff to recover on the *quantum meruit* for as much as was completed.

The rule in such cases, it seems, is to take the stipulated price as the true value of the whole services agreed to be performed.

*Assumpsit* for labor and services in making a road. The first count was on a special contract ; and the second was a *quantum meruit*.

Hayden *v.* Madison.

It appeared, on the trial before *Weston J.* that on the first day of *November* 1824, the plaintiff contracted to build the road for five hundred and eighty dollars ; one half thereof to be paid when the road was made, and the other half in a year afterwards. On the 11th day of *September* 1826, a committee was appointed by the town, to examine the road, and determine whether it was made according to the contract ; which they did on the 14th day of *December* following, and reported that it was so made. But there being no article in the warrant for the town meeting which could call the attention of the inhabitants to this subject, the judge ruled that the doings of the committee did not bind the town, and could have no other effect in the case than the testimony of the individual members of the committee to the condition of the road, which they gave on the stand.

It further appeared that the plaintiff had underlet one third part of his job to another person, who proceeded accordingly to make his part. But a small piece of the road, of about eighty-six rods in length, was not completed till *June* 1829, after the commencement of this action. The making of this piece was postponed for the accommodation of a third person, by the consent of one of the selectmen ; who testified that he mentioned it to his brethren, and that they made no objection to the postponement.

After the examination and report of the committee, the town made the first payment ; making no objection on account of the eighty-six rods thus postponed.

The counsel for the defendants hereupon contended—first, that here having been an express contract, if the plaintiff failed to perform it without any fault or waiver of the defendants, he could not recover on a *quantum meruit* ;—secondly, that if he could, yet he had no right of action till the term of credit given had expired ;—and thirdly, that he could not in any case, recover for the amount he had underlet.

But the judge instructed the jury that if the plaintiff had not fulfiled his contract, yet, as the defendants were bound by law to make the road, so far as the plaintiff had relieved them of this duty, and they had availed themselves of his services, so far he was entitled to

recover whatever was just and equitable under all the circumstances of the case ;—that in making this estimate, they would take care that the plaintiff should not be a gainer by the non-fulfilment of his own contract ; that if he had fairly made a bargain which he found was likely to prove an improvident one, still, the sum stipulated should be taken as the value of the services agreed to be rendered ;—that upon this basis they would deduct from the plaintiff's claim so much as it had or would cost to finish the road according to the contract ; and if any balance was due to the plaintiff they would find it ; if not, their verdict would be for the defendants ;—and that neither the term of credit, nor the sub-contract, precluded the plaintiff from recovering upon the ground of a *quantum meruit.*

A verdict was thereupon returned for the plaintiff ; which was taken subject to the opinion of the Court upon the correctness of the opinion and instructions given by the judge at the trial.

*Allen* for the plaintiff.

*Boutelle* and *Sprague* for the defendants.

The opinion of the Court was delivered at the ensuing *July* term in *Waldo,* by

MELLEN C. J. It is admitted that this action cannot be maintained on the special contract, as the road was not completed at the time of the commencement of the suit. The only question is, whether the plaintiff, upon the facts reported, is entitled to recover on the general count for services performed. The noncompliance with the terms of the special contract was not occasioned by any fault on the part of the defendants, but still the action is maintainable if the town has in any mode waived all objections to such noncompliance. Such waiver may be either express or implied from circumstances ; as if A contract to build a house for B of a certain description and complete it within a certain time, for a specified sum, but should fail in complying with the terms of the contract ; still, if B should take possession of the house, or in any way accept it, and avail himself of A's labor and expense in building it, he may recover a reasonable compensation for his labor and expense.

Hayden *v.* Madison.

This is no more than what is required by the plainest principles of justice. It is said, however, that in the present case, the town has done no act amounting to an acceptance of the road, either express or implied ; that the public, and not the town, have made use of the road, and availed themselves of the plaintiff's labor and money, and that from such facts, no waiver of objection can be inferred ; still, the town has been benefited by such labor and expense, probably to the full amount of their value. The evidence of waiver from the abovementioned circumstances, is certainly of a very equivocal character ; but there is one fact in the case which, in itself, amounts to a waiver of objection on account of the plaintiff's noncompliance with the special contract. By this contract, one half of the sum of $580 was to be paid when the road should be completed, and the other half in one year from that time ; and the report states that the town paid the first half, knowing that eighty-six rods of the road had not been completed, and making no objection on that account. In a case where a distinct and exclusive appropriation of the road to the use of the town, could not, from its nature, be proved, the beforementioned payment, voluntarily made when there was no legal ground on which the same could have been demanded, we must consider as an acceptance of the benefit of the plaintiff's services, and a waiver of all objection to his right to recover the remaining half of the agreed sum, on completion of the road ; and as it was completed at the expense of the town, and the estimated expense of such completion was deducted by the jury, we perceive no objection to the action.

*Judgment on the verdict.*